THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM F. MORGAN and JOHN E. WALSH, *v.* HENRY KETELTAS, as one of the Executors, etc., of EUGENE KETELTAS, Deceased, and as Agent of THOMAS McCARTY.

*Summary proceedings — service of written demand for rent — what statement as to, in affidavit, sufficient.*

Upon an application for the issuing of a summons in summary proceedings to procure the removal of a tenant, the only proof of a demand for the rent was contained in an affidavit in which the deponent stated that "he has demanded the said rent from the said tenants by a three days' notice, in writing, a copy of which is hereto annexed," *held,* that the affidavit failed to show such a service of the written demand for rent as was required by subdivisions 1 and 2 of section 32 of the statute relating to summary proceedings; and that a judgment in favor of the landlord, entered upon the default of the tenant, should be reversed

This is a writ of *certiorari* issued to review proceedings taken to remove the relators from premises occupied by them as tenants, for the non-payment of rent. The proceedings before the justice resulted in a determination in favor of the landlord, and the relators were removed from possession of the property. They did not appear in any form, but the adjudication against them was made upon their default.

*George A. Black*, for the relators.

*Benjamin Merritt*, for the respondent.

Daniels, J.:

According to the affidavit upon which the proceedings were commenced, and the summons issued, the rent alleged to have been in arrear was duly demanded by a three days' notice, in writing. The averment upon that subject was made in the following terms, by the person making the affidavit. " That he has demanded the said rent from the said tenants by a three days' notice, in writing, a copy of which ·is hereto annexed, since the same became due and payable under said agreement, and that he has made default in the payment thereof," etc. The notice annexed required the rent to be paid " before the expiration of three days from the day of the service of this notice, or surrender up the possession of said premises to said landlord, in default of which the landlord will proceed under the statute to recover the possession thereof."

The statute has provided for such a proceeding against the tenant on his default in payment. But in doing so it has declared that the three days' notice, in writing, requiring the payment of such rent, or the possession of the premises, shall have been served by the person entitled to such rent on the person owing the same, in the manner prescribed for the service of the summons in the thirty-second section of this title. The thirty-second section prescribed several distinct modes for the service of the summons. It could be personally served by delivering a copy to the tenant, and at the same time showing him the original; or, if absent from his residence, and it be in the same city or town as the demised premises, by leaving a copy with a person of mature age, residing on the premises; or, if that cannot be done, then by leaving a copy with a person of mature age residing on the demised premises, or employed

in the business in which they are used, or by affixing it upon a conspicuous part of such premises when no such person can be found. (3 R. S. [5th ed.], 836, § 28, subd. 2 ; 837, § 32, subds. 1 and 2, as amended by laws of 1868, vol. 2, 1930, chap. 828, § 2.)

According to the first of these sections service of the notice used by the landlord in this case could only be lawfully made in one of these modes. And such service, when a three days' notice is used, is necessary to entitle the landlord to maintain summary proceedings for the removal of the tenant. It has been made one of the facts on which alone the landlord can lawfully proceed in the case. The provision upon this subject is that the landlord, his legal representatives, agents or assigns, may institute the proceedings by an oath, in writing, of the facts which, according to the preceding section, authorize the removal of a tenant. (3 R. S. [5th ed.], 836, § 29.) And one of the facts rendered essential for that purpose by the preceding section is the service of the three days' notice, in writing, in the manner prescribed for the service of the summons by the thirty-second section. The affidavit made in this case, or the oath, in writing, as the statute has denominated it, showed no such service of this notice as the statute required to be made of it, in order to warrant the institution of the proceeding upon its basis to remove the tenants. It was neither shown to have been served personally, nor by leaving a copy with a person residing on the premises occupied by the tenant, or by affixing a copy on a conspicuous part of the demised premises. All that was said upon the subject was that he had "demanded the said rent, from the said tenants, by a three days' notice, in writing, a copy of which is hereto annexed," etc. That was very clearly insufficient, because it showed no such service of the notice as the statute in very plain terms had required.

This constituted a fatal defect in the proceedings, and without examining any other objection urged on behalf of the tenants, it requires that they should be reversed, with costs, but without any direction for restitution, as that is waived in his points by the counsel for the relators.

DAVIS, P. J., and BRADY, J., concurred.

Proceedings reversed, with costs, but without direction for restitution.